UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------X
JAN KONOPCA,                                    Civil No:3:15-cv-1019-MAS-LHG

                Plaintiff,           **THIRD AMENDED COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

  -against-                                   **DEMAND FOR JURY TRIAL**

WAL-MART STORES, INC., AT&T CORP. and
SITO MOBILE SOLUTIONS, INC.,

                Defendants.
-----------------------------------------------------------------X

    Plaintiff JAN KONOPCA ("Plaintiff"), by and through his attorneys, Marcus & Zelman, LLC, as and for his Third Amended Complaint against the Defendants WAL-MART STORES, INC. ("Wal-Mart"), AT&T CORP. ("AT&T") and SITO MOBILE SOLUTIONS, INC. ("SITO"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendants' violation(s) under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA). The Plaintiff previously amended his Complaint as of right to name Synchrony Bank as a Defendant, pursuant to Defendant Wal-Mart's own request. Plaintiff then amended his Complaint a second time, to allege a TCPA claim against new Defendants AT&T CORP. and SINGLE TOUCH SYSTEMS INC. a/k/a SITO MOBILE SOLUTIONS, INC. a/k/a SITO MOBILE, LTD, based on information

provided by Defendant during the course of discovery. Plaintiff now amends his Complaint a third time at the new Defendants' request, in order for the Complaint to reflect the proper corporate names for these respective entities.

## PARTIES

2. Plaintiff is a resident of the State of New Jersey, County of Monmouth, residing in Long Branch, New Jersey.

3. Defendant WAL-MART STORES, INC. is a Delaware corporation that maintains its headquarters at 702 SW 8th Street, Bentonville, Arkansas. Wal-Mart is the world's largest public corporation and operates retail stores throughout the United States.

4. Defendant AT&T CORP. is a multinational telecommunications corporation, which maintains its headquarters at Dallas, Texas. AT&T is the second largest provider of mobile telephone and the largest provider of fixed telephone in the United States, and also provides broadband subscription television services.

5. SITO MOBILE SOLUTIONS, INC. is a technology-based mobile solutions provider serving businesses, advertisers and brands, with its principal place of business located in Jersey City, New Jersey.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 USC §1331.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

8. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs

numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9. Plaintiff is the sole subscriber of the Sprint account bearing the phone number of (732)222-2222, and has been the sole subscriber of that account at all times relevant hereto.

10. Plaintiff is the sole party financially responsible for the payment of the Sprint account bearing the phone number of (732)222-2222, and has been the sole party financially responsible for that account at all times relevant hereto.

11. Plaintiff is the regular and sole user of the cellular phone number (732)222-2222, and has been the regular and sole user of that phone number at all times relevant hereto.

12. On information and belief, on a date better known to Defendants, Defendants began its campaign of communicating with the Plaintiff via the use of an automated telephone dialing system and prerecorded messages throughout the past four years by calling his cell phone number of (732)222-2222 numerous times.

13. Defendant specifically used an automated telephone dialing system and prerecorded messages to call the Plaintiff on his cell phone on October 28, 2011, January 7, 2012, and January 14, 2012, amongst numerous other dates.

14. The Defendants called from numerous phone numbers, including 866-575-4108, all of which numbers belongs to Defendants. The Defendant's automated messages would further invite return calls to (732)780-3484, amongst other numbers, which numbers belong to the Defendant.

15. The Defendant's prerecorded messages would typically state as follows:

> "This is your Wal-Mart pharmacy. To opt out or hang up on this call, press zero. A member of your household has 1 prescription that is ready to be picked up. The total price would be $12.32. Our pharmacy will be open today from 9:00 to 9:00. For questions, please call us at (732)780-3484. Thank you for choosing Walmart pharmacy."

16. The Plaintiff never gave the Defendants his prior, express permission to call his cell phone via the use of an automated telephone dialing system or prerecorded voice messages.

17. Plaintiff had no wish to be contacted on his cell phone via the use of an autodialer, and expressly directed Defendants to stop calling his cell phone number on numerous occasions.

18. By placing auto-dialed calls and prerecorded messages to the Plaintiff's cell phone, the Defendants violated 47 USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system or an artificial prerecorded voice to any telephone number assigned to a cellular telephone service when calling to the plaintiff's cell phone.

19. The Defendant therefore willfully violated the TCPA numerous times by placing calls to the Plaintiff's cell phone without his prior, express consent.

20. Plaintiff has suffered actual damages because the Defendant's calls to his cell phone unnecessarily reduced the number of minutes he is allotted per month in his cell phone plan, which has limited minutes as a part of his cellular rate plan.

## FIRST CAUSE OF ACTION
*(Violations of the TCPA By Defendant Wal-Mart Stores, Inc.)*

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "20" herein with the same force and effect as if the same were set forth at length herein.

22. As alleged above, Defendant Wal-Mart Stores, Inc. placed numerous calls and prerecorded messages to the Plaintiff's cellular phone number.

23. Upon information and belief, the calls and pre-recorded messages placed by Wal-Mart Stores, Inc. to Plaintiff were made pursuant to the Defendant's Ready Alert system, designed to issue automated pre-recorded voice messages to subscribers and customers of the Defendant's pharmacy.

24. Defendant's calls and prerecorded messages called and/or directed towards the Plaintiff violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii), as the Defendant lacked any prior express consent of the Plaintiff to receive such automated and pre-recorded voice messages on his cellular phone.

25. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA.

## SECOND CAUSE OF ACTION
*(Violations of the TCPA By Defendant AT&T Corp.)*

26. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "25" herein with the same force and effect as if the same were set forth at length herein.

27. Defendant Wal-Mart Stores, Inc. contracted with AT&T Corp. to place numerous calls and prerecorded messages to the Plaintiff's cellular phone number of 732-222-2222.

28. Upon information and belief, the calls and pre-recorded messages contracted by Wal-Mart Stores, Inc. to AT&T Corp. were made as part of Wal-Mart's Ready Alert system, designed to issue automated pre-recorded voice messages to subscribers and customers of the Wal-Mart's pharmacy.

29. As a result of Wal-Mart's contract with AT&T Corp., Defendant AT&T subcontracted with Defendant Sito Mobile Solutions, Inc. to dial and place the actual automated and pre-recorded voice messages to the Plaintiff.

30. Pursuant to its contract with Wal-Mart, Defendant AT&T began its campaign of communicating with the Plaintiff directly or via its subcontractor, using an automated telephone dialing system and prerecorded messages throughout the past four years by calling the Plaintiff's cell phone number of (732)222-2222 numerous times.

31. Defendant or its subcontractor specifically used an automated telephone dialing system and prerecorded messages to call the Plaintiff on his cell phone on October 28, 2011, January 7, 2012, and January 14, 2012, amongst numerous other dates.

32. Defendant AT&T or its subcontractor called from numerous phone numbers, including 866-575-4108, all of which numbers belongs to Defendants. The Defendant's automated messages would further invite return calls to (732)780-3484, amongst other numbers, which numbers belong to the Defendants.

33. The Defendant's prerecorded messages placed to the Plaintiff would typically state as follows:

    "This is your Wal-Mart pharmacy. To opt out or hang up on this call, press zero. A member of your household has 1 prescription that is ready to be picked up. The total price would be $12.32. Our pharmacy will be open today from 9:00 to 9:00. For questions, please call us at (732)780-3484. Thank you for choosing Walmart pharmacy."

34. The Plaintiff never gave the Defendants his prior, express permission to call his cell phone via the use of an automated telephone dialing system.

35. By placing auto-dialed calls and prerecorded messages to the Plaintiff's cell phone, the Defendants violated 47 USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system or an artificial prerecorded voice to any telephone number assigned to a cellular telephone service when calling to the plaintiff's cell phone.

36. The Defendant therefore willfully violated the TCPA numerous times by placing calls to the Plaintiff's cell phone without his prior, express consent.

37. Plaintiff has suffered actual damages because the Defendant's calls to his cell phone unnecessarily reduced the number of minutes he is allotted per month in his cell phone plan, which has limited minutes as a part of his cellular rate plan.

38. The calls and prerecorded messages called and/or directed towards the Plaintiff by the Defendants violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii), as the Defendants lacked any prior express consent of the Plaintiff to receive such automated and pre-recorded voice messages on his cellular phone.

39. As the 'middleman' responsible for the automated calls and pre-recorded voice

messages placed to the Plaintiff in violation of the TCPA by Wal-Mart and Defendant's subcontractor, Defendant AT&T is liable to Plaintiff for any such calls.

40. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA.

### THIRD CAUSE OF ACTION
*(Violations of the TCPA By Defendant SITO Mobile Solutions, Inc.)*

41. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "40" herein with the same force and effect as if the same were set forth at length herein.

42. Defendant Wal-Mart Stores, Inc. contracted with AT&T, Corp. to place numerous calls and prerecorded messages to the Plaintiff's cellular phone number of 732-222-2222.

43. Upon information and belief, the calls and pre-recorded messages contracted by Wal-Mart Stores, Inc. to AT&T Corp. were made as part of Wal-Mart's Ready Alert system, designed to issue automated pre-recorded voice messages to subscribers and customers of the Wal-Mart's pharmacy.

44. As a result of Wal-Mart's contract with AT&T Corp., Defendant AT&T subcontracted with Defendant Single Touch Systems Inc. a/k/a Sito Mobile Solutions, Inc. a/k/a Sito Mobile, LTD ("SITO") to dial and place the actual automated and pre-recorded voice messages to the Plaintiff.

45. Pursuant to its contract with Wal-Mart and/or Defendant AT&T, Defendant SITO began its campaign of communicating with the Plaintiff directly or via its

subcontractor, using an automated telephone dialing system and prerecorded messages throughout the past four years by calling the Plaintiff's cell phone number of (732)222-2222 numerous times.

46. SITO specifically used an automated telephone dialing system and prerecorded messages to call the Plaintiff on his cell phone on October 28, 2011, January 7, 2012, and January 14, 2012, amongst numerous other dates.

47. SITO called from numerous phones numbers, including 866-575-4108, all of which numbers belongs to Defendants.  The Defendant's automated messages would further invite return calls to (732)780-3484, amongst other numbers, which numbers belong to the Defendants.

48. The prerecorded messages placed to the Plaintiff's cellular phone by SITO would typically state as follows:

    "This is your Wal-Mart pharmacy.  To opt out or hang up on this call, press zero.  A member of your household has 1 prescription that is ready to be picked up.  The total price would be $12.32.  Our pharmacy will be open today from 9:00 to 9:00.  For questions, please call us at (732)780-3484.  Thank you for choosing Walmart pharmacy."

49. The Plaintiff never gave any of the Defendant his prior, express permission to call his cell phone via the use of an automated telephone dialing system.

50. By placing auto-dialed calls and prerecorded messages to the Plaintiff's cell phone, the Defendants violated 47 USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system or an artificial prerecorded voice to any telephone number assigned to a cellular telephone service when calling to the plaintiff's cell phone.

51. The Defendant therefore willfully violated the TCPA numerous times by placing calls to the Plaintiff's cell phone without his prior, express consent.

52. Plaintiff has suffered actual damages because the Defendant's calls to his cell phone unnecessarily reduced the number of minutes he is allotted per month in his cell phone plan, which has limited minutes as a part of his cellular rate plan.

53. The calls and prerecorded messages called and/or directed towards the Plaintiff by the Defendants violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii), as the Defendants lacked any prior express consent of the Plaintiff to receive such automated and pre-recorded voice messages on his cellular phone.

54. As the party responsible for actually dialing and placing the automated calls and pre-recorded voice messages placed to the Plaintiff in violation of the TCPA, Defendant SITO is liable to Plaintiff for any such calls.

55. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA.

## DEMAND FOR TRIAL BY JURY

56. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants as follows:

      A.  For mandatory statutory damages of $500 each provided and pursuant to 47 USC §227(c)(2)(G)(3)(B), for all calls placed to the Plaintiff's cellular phone;

      B.     Plaintiff requests enhanced trebled damages of $1,500 to be awarded to the Plaintiff per call, in accordance with the TCPA, for the Defendants' willful violations of the TCPA;

      C.     For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:      New York, New York
             January 14, 2016

                                  Respectfully submitted,

                                  MARCUS & ZELMAN, P.C.

                                  By: /s/ Yitzchak Zelman_____
                                  Yitzchak Zelman, Esq. (YZ5857)
                                  ATTORNEYS FOR PLAINTIFF
                                  1500 Allaire Avenue, Suite 101
                                  Ocean, New Jersey 07712
                                  Phone: 845-367-7146
                                  Fax: 732-298-6256
                                  Email: yzelman@MarcusZelman.com